UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY E. CICHOCKI and | ) | |
| Y. DOLLY HWANG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-10663-JGD |
| MASSACHUSETTS BAY | ) | |
| COMMUNITY COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND
ORDER ON DEFENDANTS' MOTION TO DISMISS**

March 29, 2016

DEIN, U.S.M.J.

## I.  INTRODUCTION

This action arises out of events that occurred while the plaintiff, Timothy E. Cichocki

("Cichocki"), was working as a Professor of Electrical Engineering at Massachusetts Bay

Community College ("MassBay").  Cichocki and his wife, plaintiff Y. Dolly Hwang ("Hwang"),

claim that over the course of many years, one of Cichocki's colleagues at MassBay, Helen

McFadyen ("McFadyen"), engaged in a campaign of sexual and emotional harassment and

manipulation against them.  They further claim after Cichocki complained to college officials

about McFadyen's improper behavior, MassBay and its administrators engaged in a pattern of

unlawful conduct against Cichocki and Hwang.  By their nine-count complaint, the plaintiffs,

who are proceeding pro se, have brought claims against MassBay; its President, Dr. John

O'Donnell ("O'Donnell"); it Chief Personnel Officer, Robin Nelson-Bailey ("Nelson-Bailey"); its

Human Resources Director, Valerie Gaines ("Gaines"); and three unnamed officers of MassBay's campus police force (the "John Doe defendants").  Specifically, Cichocki and Hwang have asserted claims for negligence (Counts I and II); employment discrimination and retaliation in violation of Title VII (Counts III and IV); breach of contract (Count V); violations of the Fair Labor Standards Act, the Massachusetts Wage Act and the Access to Medical Report Act of 1988 (Count V); and violations of their constitutional rights pursuant to 42 U.S.C. § 1983 (Counts VI-IX).

The matter is presently before the court on the "Defendants' Motion to Dismiss" (Docket No. 10).  By their motion, the defendants are seeking dismissal of all of the plaintiffs' claims, pursuant to Fed. R. Civ. P. 12(b)(5), due to insufficient service of process.  They are also seeking dismissal "for the reasons stated in Magistrate [Judge] Collings' January 14, 2013 recommendation[,]" on the plaintiff's motion for a preliminary injunction in a prior litigation that Cichocki filed against MassBay and its administrators.  As described below, this court finds that the plaintiffs have failed to complete proper service of process upon any of defendants within the time prescribed by the applicable rules, and that as a result, this court lacks jurisdiction over the present claims.  However, in light of the plaintiffs' pro se status, and the lack of any evidence of bad faith on the part of the plaintiffs or prejudice to the defendants if the time for service is extended, this court concludes that Cichocki and Hwang should have an additional opportunity to effectuate service.  Accordingly, and for all the reasons detailed herein, the defendants' motion to dismiss is hereby DENIED WITHOUT PREJUDICE.  The plaintiffs shall have 30 days from the date of this decision to complete proper service upon each of the identified defendants.  In the event the plaintiffs fail to effectuate proper service

within the extended time period, the defendants may renew their motion to dismiss on the grounds of insufficient service of process.  If, on the other hand, the plaintiffs are able to complete proper service, the defendants may file a new motion to dismiss the complaint on the merits.

## II.  __BACKGROUND__

Because this court finds that the plaintiffs' failure to effect proper service of process is dispositive of the motion to dismiss, the following background is limited to facts that are relevant to that issue.

The plaintiffs commenced this action on March 4, 2015 by filing their complaint against the defendants.  (Docket No. 1).  On July 13, 2015, this court issued an Order notifying the plaintiffs that the action would be dismissed without prejudice, in 21 days from the date of the Order, "unless a proof of service is filed or good cause shown why service has not been made." (Docket No. 5).  Shortly thereafter, on July 20, 2015, the plaintiffs filed a document entitled "Plaintiffs' Filing Proof of Service."  (Docket No. 6).  Therein, the plaintiffs purported to establish proof of service upon each of the named defendants, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1(b), by filing: (1) "Plaintiffs' affidavit;" (2) "Server (Tatiana Mazariegos)'s affidavit;" (3) Fedex delivery service requests;" and (4) "Fedex registered IDs for status of service[.]"  (Id. at 1-2).  Those documents show that on May 27, 2015, Tatiana Mazariegos, an employee at a Federal Express store in Boston, sent Federal Express packages containing copies of a summons and complaint to MassBay, O'Donnell, Nelson-Bailey and Gaines.  (Docket No. 6 at 3-10).  They further show that the packages were sent to MassBay's address in Wellesley Hills, Massachusetts, and that all of the packages, except the one directed to Gaines, were delivered to that

3

address on or about May 28, 2015.  (Id. at 3, 6).  There is no indication that Ms. Mazariegos was authorized, either by law or by appointment of a court, to effectuate service of process within the Commonwealth of Massachusetts.

On July 27, 2015, the plaintiffs filed a document entitled "Plaintiffs' Additional Filing of Proof of Service and Request for a New Summons for Defendant Valerie Gaines." (Docket No. 7).  Therein, the plaintiffs submitted documents indicating that each of the Federal Express packages containing copies of a summons and complaint had been delivered to MassBay's Wellesley Hills campus, and had been signed for by an individual identified as "J.Josslyn," but that the package directed to Gaines had been returned to Federal Express' headquarters in Memphis, Tennessee.  (Id. at 3-9).  They further explained that Gaines had recently retired from MassBay, and they requested the issuance of a new summons so they could deliver copies of the summons and complaint to Gaines' home in Framingham, Massachusetts.  (Id. at 1).  The court subsequently issued a new summons to the plaintiffs for service on Gaines.  (Docket No. 8).  However, there is nothing in the record to indicate that the plaintiffs made any effort to serve Gaines at her home.

The defendants filed the pending motion to dismiss on July 31, 2015.  During a hearing on the motion, this court gave the defendants an additional 30 days to file a Reply Memoran- dum, and allowed the plaintiffs to file a response within 14 days following the filing of any Reply.  (See Docket Entry dated 10/27/2015).  Thereafter, the defendants submitted a Reply Memorandum in which they confirmed that they were seeking dismissal of the complaint "for the reasons stated in Magistrate [Judge] Collings' January 14, 2013 recommendation" in the prior litigation, as well as on the grounds of insufficient service of process.  (See Docket No. 26).

They also asserted that "any claims previously dismissed in the previous case . . . for failure to exhaust administrative remedies are now time-barred." (Docket No. 26 at 1). Thus, they are seeking dismissal both under Fed. R. Civ. P. 12(b)(5) and on the merits of the complaint.

The plaintiffs insist that the prior litigation has no relevance to their current claims, and they have attempted to highlight the differences between that case and the present litigation. (See Docket Nos. 12, 19, 27). In addition, the plaintiffs maintain that the defendants were properly served process in accordance with the Federal Rules of Civil Procedure, and they continue to rely on the delivery of packages by Federal Express to support their assertion that service was completed. (See Docket Nos. 24, 25, and 27 ¶ 3). For the reasons detailed below, this court finds that the plaintiffs' efforts at service were insufficient, and that the court lacks jurisdiction over the merits of the dispute.

### III.  ANALYSIS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Aly v. Mohegan Council-Boy Scouts of Am., Civil Action No. 08-40099-FDS, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009). Where, as here, "the sufficiency of process is challenged under Rule 12(b)(5), . . . [the] plaintiff bears 'the burden of proving proper service.'" Id. at *2 (quoting Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)). As detailed above, the record establishes that the plaintiffs attempted to complete service of process on each of the defendants by sending Federal Express packages containing copies of the summons and complaint to MassBay's campus in Wellesley Hills, Massachusetts. Although this court finds that the plaintiffs' method of service was inadequate to satisfy the applicable procedural requirements, this court

concludes that the motion to dismiss should be denied without prejudice in order to give the

plaintiffs additional time to complete service in accordance with the applicable rules.

### Failure to Serve the Individual Defendants

Rule 4 of the Federal Rules of Civil Procedure governs the manner in which service of

process can be effected.  In particular, Rule 4(e) provides four ways in which a plaintiff may

serve process upon individuals, such as O'Donnell, Nelson-Bailey and Gaines, who are located in

the United States.  First, the plaintiff may complete service by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district

court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  Alternatively, the plaintiff

may serve an individual defendant by:

> **(A)** delivering a copy of the summons and of the complaint to the
> individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of
> abode with someone of suitable age and discretion who resides
> there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or
> by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  In the instant case, it is undisputed that the plaintiffs did not attempt to

serve the individual defendants personally.  Nor is there any indication that the plaintiffs

attempted to complete service of process by leaving a copy of the necessary documents at the

individual defendants' "dwelling or usual place of abode."  Moreover, the plaintiffs have not

shown that J.Josslyn, the individual who signed for the Federal Express packages that were

delivered to MassBay, was an agent authorized to receive service of process on behalf of the

individual defendants.  Accordingly, the only remaining question is whether under Massachu-

setts law, the plaintiffs were authorized to complete service upon the individual defendants by

delivering the summons and complaint to the Wellesley Hills campus of MassBay by way of

express mail.  This court finds that there is no such authority.

"The Massachusetts rules for service are substantially similar to the other three options

under the federal rules."  Mukherjee v. Blake, Civil Action No. 12-11381-FDS, 2013 WL 2299521,

at *2 (D. Mass. May 24, 2013).  Thus, under Rule 4 of the Massachusetts Rules of Civil

Procedure, service can be made

> [u]pon an individual by delivering a copy of the summons and of the
> complaint to him personally; or by leaving copies thereof at his last and
> usual place of abode; or by delivering a copy of the summons and of the
> complaint to an agent authorized by appointment or by statute to receive
> service of process, provided that any further notice required by such
> statute be given.

Mass. R. Civ. P. 4(d)(1).  While the "Massachusetts rules permit service by mail . . . for service of

process outside the Commonwealth[,]" they do not permit such service upon individuals within

Massachusetts.  Mukherjee, 2013 WL 2299521, at *2.  Therefore, "neither the federal rules nor

the Massachusetts rules permit service upon an individual by [express] *mail* at [his or] her *place*

*of employment*."  Id. (emphasis in original).  The plaintiffs' attempted service upon defendants

O'Donnell, Nelson-Bailey and Gaines was insufficient under all of the applicable rules.[1]

---

[1] Under the Massachusetts Rules of Civil Procedure, service of process within the Commonwealth must be made
"by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; [or] by some person
specially appointed by the court for that purpose[.]"  Mass. R. Civ. P. 4(c).  In the instant case, the plaintiffs have
failed to show that any such individual was involved in serving process upon the defendants.  Thus, their efforts at
service were insufficient under Massachusetts law for this reason as well.

**Failure to Serve MassBay**

The plaintiffs have similarly failed to meet their burden of establishing proper service of process upon MassBay.  MassBay is a public institution, which is "a unit of the Massachusetts State College System[.]"  Sys. Mgmt., Inc. v. Loiselle, 303 F.3d 100, 101 (1st Cir. 2002). Therefore, service upon that defendant is governed by Federal Rule of Civil Procedure 4(j).  See Fed. R. Civ. P. 4(j)(2) (setting forth requirements for completing service upon "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit").  Under Rule 4(j), service upon a state institution such as MassBay can be made in either of two ways:

> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Here, the plaintiffs have not shown that they satisfied either option.

As described above, there is no dispute that the summons and complaint were delivered to the college by Federal Express, and were received by an individual identified only as "J.Josslyn."  (See Docket No. 7, Ex. 1).  "However, the use of [express] mail is not sufficient to constitute 'delivering'" within the meaning of Rule 4(j).  Gilliam v. Cty. of Tarrant, 94 Fed. Appx. 230, 230, 2004 WL 816394, at *1 (5th Cir. Apr. 15, 2004).  See also In re TFT-LCD (Flat Panel) Antitrust Litig., Nos. M 07-1827 SI, C 09-1115 SI, MDL No. 1827, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009) (finding that "plaintiff's service by certified mail does not satisfy requirements under Rule 4").  Moreover, the plaintiffs do not dispute that O'Donnell is the chief executive officer of MassBay.  (See Docket No. 26 at 4; Docket No. 27 ¶ 3).  Because the Federal Express

packages were received by J.Josslyn rather than O'Donnell, the plaintiffs have not shown that

service was made upon the college's chief executive officer, as required under Rule 4(j)(2)(A).

The plaintiffs' attempt at service fares no better under state law.  Pursuant to the

Massachusetts Rules of Civil Procedure, service of process upon the Commonwealth or any of

its agencies must be accomplished

> by delivering a copy of the summons and of the complaint to the Boston
> office of the Attorney General of the Commonwealth, and, in the case of
> any agency, to its office or to its chairman or one of its members or its
> secretary or clerk.  Service hereunder may be effected by mailing such
> copies to the Attorney General and to the agency by certified or
> registered mail.

Mass. R. Civ. P. 4(d)(3).  In this case, however, there is no indication that the plaintiffs

attempted to serve, much less completed service upon, the office of the Attorney General.

Accordingly, the record establishes that service of process upon MassBay was inadequate as

well.

### Extension of Time for Service

The record establishes that the time to complete proper service upon the defendants

has expired.  Nevertheless, this court finds that dismissal of the plaintiffs' claims is not

warranted at this time.

Fed. R. Civ. P. 4(m) sets forth the time limit for completing service of process upon a

defendant.  At the time Cichocki and Hwang initiated this action,[2] Rule 4(m) provided in

relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed,
> the court – on motion or on its own after notice to the plaintiff – must

---

[2] Rule 4(m) was amended on December 1, 2015, nearly nine months after the plaintiffs filed their complaint.  The amendment reduced the time limit for completing service of process from 120 days to 90 days.

> dismiss the action without prejudice against that defendant or order that
> service be made within a specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the time for service for an
> appropriate period.

The plaintiffs filed the complaint on March 4, 2015.  (Docket No. 1).  Therefore, the 120-day

period for service elapsed on July 2, 2015.

The plaintiffs dispute that service upon the defendants was improper.  Consequently,

they have not attempted to establish good cause for their failure to effectuate proper service

within the time required under Rule 4.  Moreover, the fact that they are proceeding pro se "is

not automatically enough to constitute good cause for purposes of Rule 4(m)."  McIsaac v. Ford,

193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, *Fed. Practice & Procedure:*

*Civil 3d* § 1137, at 342 (2002)).  Nevertheless, "[e]ven if plaintiff[s'] missteps do not amount to

good cause such that the Court *must* grant [them] an extension of time, the Court . . . has

discretion under Rule 4(m), even absent a showing of good cause, to extend the time for

service."  Aly, 2009 WL 3299951, at *3.  For the reasons that follow, this court finds that an

extension is appropriate in this case.

In addition to the fact that the plaintiffs are proceeding pro se, "and [the] rules of

service of process are certainly not intuitive[,]" there is no evidence that they have acted in bad

faith or that their failure to comply with the applicable rules of civil procedure was intentional.

See id.  Furthermore, there is nothing in the record to suggest that the defendants would be

prejudiced by an extension of time to complete service.  The record shows that despite the

insufficiency of service, the defendants received actual notice of the claims against them and

were able to file a response to those claims, in the form of their motion to dismiss, within days

after the plaintiffs filed their purported proof of service.  (See Docket Nos. 6 & 10).  "[T]he fact

that Defendant[s] herein [have] notice of the nature of Plaintiff[s'] claims discounts any minimal risk of prejudice that might result from the limited extension of time to file that the Court has determined to authorize." Aly, 2009 WL 3299951, at *3 (quoting Henry v. Cooper Univ. Hosp., 2008 U.S. Dist. LEXIS 71235, at *6-7 (D.N.J. Sept. 17, 2008)).  Accordingly, the defendants' motion to dismiss for insufficient service of process will be denied without prejudice, and the plaintiffs are given 30 days to complete service upon those parties in accordance with Fed. R. Civ. P. 4.[3]  If the plaintiffs fail to effectuate proper service within the extended time period, the defendants may renew their motion to dismiss on the grounds of insufficient service of process.

### B.   Motion to Dismiss the Complaint on the Merits

The defendants have also moved to dismiss the complaint on the merits for the reasons stated in a Report and Recommendation on Plaintiff's Motion for a Preliminary Injunction that was issued by Magistrate Judge Collings in a prior litigation.  However, until Cichocki and Hwang complete sufficient service, this court is precluded from exercising jurisdiction over the defendants.  See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served" (quotations and citation omitted)).  Accordingly, it would be premature to address the defendants' motion to dismiss on this basis.  The motion to dismiss on the merits is therefore denied as well.  In the event the plaintiffs are able to complete proper service of process, the defendants may file a new motion to dismiss the complaint on the merits within the time prescribed by Fed. R. Civ. P.

---

[3] To the extent the plaintiffs have been able to identify any of the John Doe defendants, they shall complete service of process upon those defendants within the time set forth herein.

12.  Any such motion shall set forth the reasons, in detail, for the defendants' contention that the plaintiffs have failed to state a claim for relief in this case.[4]

## IV.  **CONCLUSION**

For all the reasons detailed herein, the "Defendants' Motion to Dismiss" (Docket No. 10) is DENIED WITHOUT PREJUDICE.  The plaintiffs shall have 30 days from the date of this decision to complete proper service of process upon each of the identified defendants.  In the event the plaintiffs fail to do so within the extended time period, the defendants may renew their motion to dismiss on the grounds of insufficient service of process.  If, on the other hand, the plaintiffs are able to complete proper service, the defendants may file a new motion to dismiss the complaint on the merits.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4] A reading of the complaint indicates that while there is a significant overlap between the claims in this case and the claims in Cichocki's prior litigation against the defendants, the cases are not identical.  Furthermore, it appears that at least some of the issues addressed by Judge Collings in his Report and Recommendation, such as the issue of exhaustion of administrative remedies, are not applicable to the plaintiffs' present claims.  Therefore, if the defendants seek dismissal of this action on the merits, they shall provide detailed reasons as to why the plaintiffs have failed to state a claim upon which relief may be granted.