UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY E. CICHOCKI and | ) | |
| Y. DOLLY HWANG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-10663-JGD |
| MASSACHUSETTS BAY | ) | |
| COMMUNITY COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER ON PLAINTIFFS' RULE 59(e) MOTION AND MOTION FOR LEAVE TO AMEND

September 7, 2016

DEIN, U.S.M.J.

## I. INTRODUCTION

On August 8, 2016, this court issued a Memorandum of Decision and Order allowing the defendants' motion to dismiss all Counts of the plaintiffs' complaint, and an Order dismissing the case in its entirety. The plaintiffs have since filed a "Rule 59(e) Motion to Alter the Order of August 8, 2016" (Docket No. 54), by which they are challenging this court's rulings in connection with the motion to dismiss, and are seeking to reinstate a number of their claims, pursuant to Fed. R. Civ. P. 59(e). They have also filed a "Motion for Leave to Amend" (Docket No. 56), by which they are requesting leave to amend their Rule 59(e) Motion in order to seek alternative relief under Fed. R. Civ. P. 72. After consideration of the parties' written submissions, and for the reasons described below, both of the plaintiffs' motions are DENIED.

## II. ANALYSIS

The plaintiffs have moved to alter the court's judgment pursuant to Fed. R. Civ. P. 59(e). Relief under Rule 59(e) "is granted sparingly," and is only available in a limited number of situations. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). Specifically, as the First Circuit has explained:

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).

The plaintiffs' challenge to this court's August 8, 2016 decision does not warrant relief under Rule 59(e). As an initial matter, the plaintiffs' submission of evidence, which is attached as exhibits to their Memorandum in support of their motion under Rule 59(e) and were available to the plaintiffs long before judgment in this case, is not appropriate and is not entitled to consideration. Furthermore, to the extent the plaintiffs challenge this court's reading of their complaint, their arguments are unpersuasive. The Statement of Facts set forth in this court's Memorandum of Decision and Order on the motion to dismiss reflects a thorough review of the plaintiffs' complaint, including all of the factual allegations contained therein, and an effort to describe those allegations as accurately as possible. Even if it could be argued that this court misinterpreted one or more of the plaintiffs' allegations, any such error would not have made a difference in the outcome of the motion, and does not constitute a manifest error of fact. Finally, the plaintiffs have not presented any legal arguments in support of their

2

present motion that could not have been raised earlier in connection with the motion to dismiss. Therefore, they have failed to present a basis for altering this court's judgment, and their motion to reinstate claims pursuant to Rule 59(e) is denied.

The plaintiffs' motion for leave to amend must be denied as well. By their motion, the plaintiffs are seeking permission to treat their Rule 59(e) motion, in the alternative, "as an appeal to the district court judge to correct clear errors in facts and laws" pursuant to Fed. R. Civ. P. 72. However, Rule 72 provides for appeals to the district judge in cases where the parties have not consented to the magistrate judge's jurisdiction and the dispositive motion at issue has been referred to the magistrate judge for a recommendation to the district judge. See Fed. R. Civ. P. 72(b). Where, as here, the parties have consented to the magistrate judge's jurisdiction for all purposes, any appeal should be made "to the court of appeals as would any other appeal from a district-court judgment." Fed. R. Civ. P. 73. Because Rule 72 is inapplicable to this case, the plaintiffs' effort to rely on it as a means of seeking relief from this court's decision is futile and must be denied.

### IV. CONCLUSION

For all the reasons set forth above, both the plaintiffs' "Rule 59(e) Motion to Alter the Order of August 8, 2016" (Docket No. 54) and their "Motion for Leave to Amend" (Docket No. 56) are DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge